UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAXO AZOR,

Petitioner,

v. Case No.: 2:26-cv-02794-SPC-NPM

DAVID HARDIN *et al*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Maxo Azor's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Azor, a noncitizen in immigration detention, sought habeas relief from this Court in *Azor v. Hardin*, M.D. Fla. Case No. 2:26-cv-2427-SPC-NPM. The Court granted the petition and ordered the respondents to either bring Azor before an immigration judge for a bond hearing or release him from custody.

On September 10, 2026, Immigration Judge Frank Pimentel found Azor to be a flight risk and a danger to the community and denied release on bond. In the order and a subsequent memorandum, Judge Pimentel explained that he relied on the strength Azor's removal case and his criminal and traffic history. (Doc. 5-1 at 3-6). Azor disputes Judge Pimentel's conclusion that he is a danger to the community but does not identify any defect in the hearing that could amount to a violation of the Fifth Amendment or the Court's prior

habeas order. The proper way to challenge the result of a bond hearing is appeal to the BIA. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, Azor's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record